## RUNDELL v FULTON

Ohio Appeals, 6th Dist, Lucas Co

No 2741. Decided Feb 20, 1933

George N. Fell, Toledo, for plaintiff.

John W. Bricker, Attorney General, Columbus, Brown & Sanger, Toledo, and Sholto M. Douglas, Toledo, for defendant.

148

**RICHARDS, J.**

The briefs and arguments have taken a wide range but the rights of the parties are controlled by statute and may be briefly stated. A critical examination of the petition and the amendment to it, leaves no doubt in the mind of the court that they state causes of action against the defendant on claims for preference under §714, GC. The material parts of that section read as follows:

"In any case where any bank * * * shall have in its possession the proceeds realized from the collection of any negotiable instrument by it or by any other collecting agency, at the time that such bank is closed by the Superintendent of Banks * * *, or in any case where any such bank shall in payment of such proceeds of collection draw a draft upon another banking institution which draft shall remain unpaid at the time such bank drawing same is closed, as aforesaid, the assets of such bank so closed shall be impressed with a trust in behalf of the owner of the negotiable instrument the proceeds of which are held by such bank so closed or payment of such proceeds has been attempted by such bank so closed by drawing a draft as aforesaid, and the owner of the negotiable instrument shall be entitled to payment upon liquidation of the assets of such bank as a preferred claim."

The statute seems especially made to meet the situation disclosed in the petition. The plaintiff held the two certificates of deposit which he presented to the bank for collection, asking payment thereof by two drafts. The Security-Home Trust Company having in its hands the proceeds with which to pay the certificates of deposit, drew the drafts upon the Cleveland banks, and delivered the same to the plaintiff. The statute contains the words "proceeds realized from the collection of any negotiable instrument by it or by any other collecting agency." The word "agency" is used in this section as meaning "instrumentality" and it means, that through which an end is attained. In this case the plaintiff himself was the instrumentality, collecting payment of the certificates of deposit owned by him and received that payment not in money but in drafts on two Cleveland banks. The statute provides under such circumstances that the assets of the bank so closed shall be impressed with a trust in favor of the owner of the negotiable instruments, and that he is entitled to have them paid upon liquidation of the assets, as preferred claims. While the language of the statute is not free from uncertainty, the court is convinced that it applies directly to the case at bar and that if the allegations of the petition are sustained they entitle the plaintiff to the relief sought.

The certificates of deposit, set out in the amendment to the petition, are payable to the order of the payee on return of the certificates properly endorser and they are upon their face negotiable instruments, thus bringing them within the terms of the statute. This negotiability is not taken away by the fact that the certificates were subject to the rules and regulations of the savings department. Those regulations, as set out, are not of a character to destroy the negotiability of the certificates of deposit but are mere incidents indicating the manner of doing business with the bank. White v Wadhams, 204 Michigan, 381.

Coming now to the sufficiency of the answer, we find nothing pleaded which destroys the right of recovery set forth by

the plaintiff in the petition and amendment. The absence of funds in the Cleveland banks to the credit of The Security-Home Trust Company, would not destroy the right of the plaintiff to a preference on whatever assets The Security-Home Trust Company had. Neither would such right be destroyed by a failure of the Toledo bank to segregate any funds for the purpose of meeting certificates of deposit or drafts. Nor would the commingling of the assets of the Toledo bank destroy the plaintiff's right under the statute. The assets of The Security-Home Trust Company received by the defendant and the amount of preferred claims, if any, held by other creditors situated the same as the plaintiff, are important only in determining the character of decree to which the plaintiff may be entitled.

So with the averment that the plaintiff owned stock in The Security-Home Trust Company on which a double liability had been assessed. The amount of stock owned by the plaintiff, the date it was acquired and the amount of stockholders' liability assessed thereon are not set forth and it is not for this court in this proceeding to determine the validity or amount of any such assessment. We are not, however, deciding that if it shall be adjudged that the plaintiff is indebted to the defendant on such liability, the amount thereof may not be set off against whatever amount may be found due this plaintiff by way of preference on the claims set out in his petition herein. The matters set out in the answer, while not constituting a complete defense, are proper for consideration in determining the form of the decree to which the plaintiff may be entitled.

The demurrer of the plaintiff will be overruled. If the plaintiff desires to plead further he may do so on or before February 25th. If he does not desire to file any further pleading, a decree awarding him a preference on the assets of the bank will be entered in his favor, subject, however, to the same being pro rated with the rights of any other preferred creditors similarly situated, and so as to protect the rights of the defendant, if any, as to double liability of the plaintiff as a stockholder.

Demurrer of plaintiff overruled.

WILLIAMS and LLOYD, JJ, concur.